Filed 1/22/15  In re Melissa G. CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re MELISSA G. et al., Persons Coming Under the Juvenile Court Law. | |
| KINGS COUNTY HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KRISTY A.,<br><br>Defendant and Appellant. | F069706<br><br>(Super. Ct. No. 09JD0091)<br><br><br>**OPINION** |

### THE COURT\*

APPEAL from orders of the Superior Court of Kings County.  Jennifer Lee Giuliani, Judge.

Neale Gold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Cornell, Acting P.J., Poochigian, J., and Peña, J.

Kristy A. (mother) appealed from 2014 juvenile dependency court orders denying her petitions to reopen reunification services and terminating parental rights (Welf. & Inst. Code, § 366.26) to three of her children, who ranged in age from eight to twelve years old.[1]  After reviewing the entire record, mother's court-appointed appellate counsel informed this court he could find no arguable issues to raise on mother's behalf.  Counsel requested and this court granted leave for mother to personally file a letter setting forth a good cause showing that an arguable issue of reversible error did exist.  (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844.)

Mother has submitted a letter in which she asks this court to "put our family back together."  Her letter otherwise neither addresses the termination proceedings nor sets forth a good cause showing that any arguable issue of reversible error at the termination hearing does exist.  (*In re Phoenix H., supra,* 47 Cal.4th at p. 844.)  We dismiss the appeal.

**PROCEDURAL AND FACTUAL SUMMARY**

In January 2010, the Kings County Superior Court exercised its dependency jurisdiction over four of mother's children based on the parents' profound neglect.  It also adjudged the children juvenile dependents, removed them from parental custody and ordered reunification services for the parents.  Services for mother included a parenting course, counseling, substance abuse treatment and visitation.

Despite a year's worth of reunification services, mother did not make significant progress.  The superior court consequently terminated reunification services and set a hearing pursuant to section 366.26 to select and implement a permanent plan for the children.

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

In June 2011, the court selected a permanent plan of adoption for the children and referred them to the California Department of Social Services for adoptive placement. Once this occurred, visitation between the children and mother occurred once a month. The court in late 2011 changed the permanent plan to long-term foster care, with a goal of adoption.

Starting in 2012, mother entered drug treatment and participated in other aspects of her former reunification plan. Later that same year, however, the eldest child no longer wished to visit mother. Over time, three of the four children refused to visit mother. Only her 11-year-old son Raul consistently expressed a desire to visit with and return to mother.[2]

The foster parents, by early 2014, wished to adopt each of the children, save Raul. Two of those children expressly stated their desire to be adopted and the youngest called the foster parents mom and dad. In turn, respondent Kings County Human Services Agency recommended that the court set a new section 366.26 hearing to consider the three children's adoptability and decide the most appropriate permanent plan for them. The court ordered the hearing as recommended. The agency later reported that it was likely that the three children would be adopted. The long-time foster parents were committed to adopting them. The agency recommended the court terminate parental rights to the children.

Meanwhile, mother petitioned (§ 388) the court that her circumstances had changed such that the court should increase her visitation with the children and/or grant her family maintenance services. She alleged this would be best for the children so they could be reunited with her and grow up with a loving mother.

---

**2** The agency in March 2014 agreed with mother that reunification services should reopen between mother and Raul.

In June 2014, the court conducted a hearing on mother's petition as well as a new section 366.26 hearing.

Regarding mother's petition, the parties stipulated that mother had shown a change in her circumstances in terms of her sobriety. Although mother testified of her bond with and love for the children, she was unable to show that increased visitation or family maintenance services would be in the children's best interests, as required under section 388. As a result, the court denied her petition. It observed the children had been in their current care provider's home since 2009 and had expressed both their desire to remain in that home and their wish not to return home to mother.

The court proceeded with the section 366.26 hearing. The parties conceded the children were likely to be adopted. Mother argued, based on her testimony in support of her petition, it would benefit the children to at least have contact with her. She made no argument nor offered any evidence regarding the children's relationship with their brother, Raul.

The court found that although there may be a parent-child bond, it was not so great that it would override the children's rights for permanency. Then, having found by clear and convincing evidence it was likely the children would be adopted, the court ordered a permanent plan of adoption for the children and terminated parental rights.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to an appellant to raise claims of reversible error or other defect and present argument and authority on each point made. If an appellant does not do so, the appeal should be dismissed. (*In re Sade C*. (1996) 13 Cal.4th 952, 994.) Here, mother does not raise any claim of error or other defect against the termination order. She simply asks this court to reunite her family and claims both

4

her relationship with the children and their relationship with their brother Raul are worth preserving.

At a parental rights termination hearing, the court's proper focus is on the children to determine whether it is likely they will be adopted and if so, order termination of parental rights. Once reunification services are ordered terminated, the focus shifts to the children's needs for permanency and stability. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) If, as in this case, the children are likely to be adopted, adoption is the norm. Indeed, the court must order adoption and its necessary consequence, termination of parental rights, unless one of the specified circumstances provides a compelling reason for finding that termination of parental rights would be detrimental to the children. (*In re Celine R.* (2003) 31 Cal.4th 45, 53.) Here, mother made no showing that termination would be detrimental to the children either because of her relationship with the children or their sibling relationship with Raul.

Because mother has not shown that any arguable issue of reversible error does exist, we dismiss the appeal. (*In re Phoenix H., supra,* 47 Cal.4th at p. 844.)

**DISPOSITION**

This appeal is dismissed.